UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE K. PRAGOVICH,

        Petitioner,

                                  Case No. 08-MC-50427
vs.                                HON. GEORGE CARAM STEEH

INTERNAL REVENUE SERVICE,

        Respondent.

_____/

ORDER ACCEPTING NOVEMBER 9, 2009 REPORT AND RECOMMENDATION (#9),
DISMISSING PETITIONER'S MOTION TO QUASH (#1),
AND DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT (#5)

George Pragovich filed a petition to quash third party Internal Revenue Service

("IRS") summons on May 7, 2008 with respect to an IRS summons served on Rhonda

Gross of Brighton, Michigan on April 15, 2008.[1] On June 26, 2008, respondent IRS filed

a motion to dismiss the petition. The matters were referred to Magistrate Judge Paul J.

Komives. Magistrate Judge Komives issued a 27-page Report and Recommendation on

November 9, 2009 recommending that: (1) Pragovich's petition to quash be denied; and

(2) the IRS's motion to dismiss be construed as a response to Pragovich's petition to

quash, and be denied as moot. Magistrate Judge Komives finds that the IRS has set forth

a prima facie case for enforcing the summons pursuant to the four-part Powell test

_____

[1] The petition was also filed in other federal district courts as to other third parties
who were served with IRS summonses outside the jurisdiction of the United States District
Court for the Eastern District of Michigan. See i.e. Pragovich v. Internal Revenue Service,
No. 08-00791, 2008 WL 4197762 (D. Colo. Sept. 10, 2008).

articulated in United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)), that is: (1) the summoned materials are relevant to an IRS investigation; (2) the investigation has a legitimate purpose; (3) the information sought in the summons is not already in the IRS's possession; and (4) the IRS has complied with the procedural requirements of 26 U.S.C. § 7603.  Noting that Pragovich did not file a response to the IRS's motion to dismiss, Magistrate Judge Komives finds that Pragovich's May 7, 2008 petition and brief, and accompanying affidavit, fail to displace the IRS's prima facie showing of an enforceable third party summons under Powell.  The Magistrate Judge further finds that Pragovich's acts of selling tax avoidance advice and facilitating federal  lawsuits by taxpayers against the IRS through the "National Justice Center" is commercial speech of the type not protected by the First Amendment, citing Pragovich v. United States, No. 08-5010, 2008 WL 3977578, *3 (W.D. Wash. Aug. 22, 2008) (denying petition to quash third party summons issued to one Puhn), Pragovich v. Internal Revenue Service, 2008 WL 2914514, *3 (M.D. Pa. July 24, 2008) (denying petition to quash third party summons issued to one Rhodes), Pragovich v. Internal Revenue Service, 2:08-MC-33, 2008 WL 5273576, *1 (N.D. Ind. Dec. 16, 2008) (denying petition to quash third party summons issued to one Gorman); and Pragovich v. Internal Revenue Service, 2008 WL 2692125, *2-3 (C.D. Ill. July 1, 2008) (denying petition to quash third party summons issued to one Brandts).

"A judge of the court shall make a de novo determination of those portions of [a] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1).  Objections must be filed within 10 days after service of a Report and Recommendation.  28 U.S.C. § 636 (b)(1)(C).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party's failure to object waives further judicial review.  Thomas v. Arn, 474 U.S. 140, 149-155 (1985); Thomas v. Halter, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001); 28 U.S.C. § 636(b)(1).   Neither petitioner Pragovich nor respondent IRS have filed objections.  Accordingly, and having thoroughly reviewed the Report and Recommendation,

The court hereby ACCEPTS the well-reasoned November 9, 2009 Report and Recommendation as its own.  Pragovich's petition to quash third party summonses is hereby DENIED, and the petition is hereby DISMISSED with prejudice.  Respondent IRS's motion to dismiss is hereby construed as a response to the petition, and is hereby DENIED as MOOT.

SO ORDERED.

Dated:  November 30, 2009


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 30, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk